IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Alexandra Stasko, | ) | C/A No.: _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| University of South Carolina, | ) | (JURY  TRIAL  DEMANDED) |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff, complaining of the Defendants, would respectfully show to the Court:

## PARTIES AND JURISDICTION

1.      Plaintiff, Alexandra Stasko, is a citizen and resident of Richland County, South Carolina.

2.      Defendant, University of South Carolina (UofSC), is an agency of the State of South Carolina with its primary campus located in Richland County, South Carolina.

3.      This action arises under Title VII of the Civil Rights Act of 1964 and the common law of South Carolina and under Title IX of the Education Amendments of 1972, 20 U.S.C. Sections 1681 through 1688 anti-discrimination laws and their application to due process rights violations during Plaintiff's employment, grievances, and separation with Defendant.

4.      Plaintiff appropriately filed a charge of discrimination with the Equal Employment Opportunity Commission and received her Notice of Right to Sue for Charge No. 436-2022-01336 dated May 23, 2024 and this action is timely.

5.      Jurisdiction and venue are proper, because the parties have sufficient connections to this circuit, and the events giving rise to this action occurred in Richland County, South Carolina.

## FACTUAL ALLEGATIONS

6.      Plaintiff is an experienced artist and art educator. Plaintiff earned a B.A. from Coastal Carolina University and her MFA from the University of South Carolina.

7.      As a student Plaintiff received awards and travel opportunities such as the Support to Promote Advancement of Research and Creativity (SPARC) Grant at USC.

8.      Plaintiff was employed by Defendant UofSC in UofSC's School of Visual Art and Design (SVAD) teaching Figure Structure and Sculpture classes; and had been teaching as an Adjunct Professor since  Fall 2015.

9.      Plaintiff  entered into a personal relationship with a fellow employee of Defendant working in SVAD, who was the male subject of numerous lawsuits by female students and/or staff.

10.     In those lawsuits referenced immediately above, the Plaintiffs alleged, indicated or insinuated that Plaintiff received preferential treatment within SVAD as a result of her personal consensual relationship with her male coworker.

11.     Public allegations of one Plaintiff in the lawsuits against the accused, included the bold assertion that the accused professor changed that Plaintiff's classes in favor of Plaintiff Stasko. She also claimed or insinuated Stasko was not qualified to be assigned lab technician or to  teach the classes to which she was assigned.

12.     Also a public false allegation from a Plaintiff who later recanted portions of her lawsuit, was that the she witnessed the male professor having sex with a female student (Plaintiff); that the male professor wanted that Plaintiff to be more like Plaintiff Stasko in terms of her attitude towards him. This public allegation was recanted, but it was reported in the news media before and after the Plaintiff

recanted, especially by Fits News and Mandy Matney who published an article at least 18 months after the Plaintiff recanted.

13.     Plaintiff is an experienced artist with both the education and experience to qualify for her employment with Defendant; and Plaintiff denies ever receiving preferential treatment as a result of her personal relationship.

14.     Despite Plaintiff's irrefutable experience in her field of study and occupation and satisfactory work performance, Plaintiff was defamed and ostracized by students and staff who believed she was condoned or benefitted from her male coworker's alleged conduct.

15.     As a result of the lawsuit allegations, Plaintiff began to be subjected directly and indirectly to harassment and a hostile or unsafe work environment by students and staff simply for her association with the professor falsely accused of wrongdoing against students.

16.     On or around March 26, 2019, a letter was posted around the SVAD building by anonymous student activists.

17.     News outlets began to report on or about October 15, 2021, the Student demand for action at "fire all abusers" protest, a protest organized by "The Coalition to Fire David Voros".

18.     In a Carolina News Reporter Article dated October 15, 2021, by Mackenzie Patterson and Julie Crosby, the article highlighted the student protestor's disapproval of perceived inaction of Defendant's Administration.

19.     Also in a Carolina News Reporter Article dated October 15, 2021, by Mackenzie Patterson and  Julie Crosby,  the article, about the student protestors' dissatisfaction,  specifically referred to Plaintiff as receiving preferential treatment:

      a.     "…a UofSC professor, filed a Title IX complaint before her civil complaint that addressed the allegations that Voros was trading employment benefits for sexual

3

favors. Voros changed the courses Misenheimer would be teaching to give more classes to Alexandra Stasko, a graduate student who Voros allegedly had a sexual relationship with. According to the complaint, Stasko was not qualified to teach the classes to which she was assigned…" .

20.     Also in a Carolina News Reporter Article dated October 15, 2021, by Mackenzie Patterson and Julie Crosby, the article publishes a picture showing student sentiment on the campus on this time, with the student holding a sign that read: "FIRE ALL ABUSERS: and those who protected them.

21.     Plaintiff was subjected to hostility from students and other members of the public who demanded the termination of the accused and his supporters, like Plaintiff.

22.     Plaintiff was subjected to hostility from staff after the lawsuits and articles were published.

23.     As a part of or as the result of protests on campus, Plaintiff's teaching area was littered with protest materials calling for separation of abusers and their supporters.

24.     Plaintiff complained to employees of Defendant UofSC, including but not limited to, her supervisors, department chairs, the human resources department, and others, regarding her hostile work environment to include in person and social media harassment; and no adequate response was given by Defendants.

25.     Plaintiff engaged in the protected activity of submitting 2 separate EOP complaints and was harassed and retaliated against in Spring semester 2020, Fall 2020, Spring 2021, and Fall 2021.

26.     In close proximity to Plaintiff's protected activity, Defendant acquiesced to the demands of third parties and declined to renew Plaintiff's contract after the end of Fall Semester 2021, after the

October 2021 protests and news articles that reprinted or restated the false allegations that alleged Plaintiff received preferential treatment for her relationship with the male professor.

27.     No male employees of Defendant were terminated in response to lawsuits and protests and protected activity.

28.     In Freeman v. Dal-Tile Corp., No. 13-1481 (4th Cir. 2014), the Fourth Circuit Court of Appeals held: "an employer is liable under Title VII for third parties creating a hostile work environment if the employer knew or should have known of the harassment and failed to take prompt remedial action reasonably calculated to end the harassment."

29.     In Parker v. Reema Consulting Services, Inc., 915 F.3d 297 (4th Cir. 2019), the Fourth Circuit held that an allegedly false rumor that a female employee had slept with her supervisor to get a promotion can implicate Title VII liability "because of sex" where the employee is subjected to adverse employment action because of the rumor.

30.     Defendant's only response to Plaintiff's protected activity placing Defendant on notice of the hostile work environment based on public misperception, was to decline to renew Plaintiff's contract for the upcoming semester.

31.     Due to Defendant's failure to protect Plaintiff despite her complaints, Plaintiff was subjected to a hostile work environment created by staff students and the public and ultimately subjected to adverse employment action because of the lawsuit and news articles allegations and the public reaction to them.

32.     Plaintiff has suffered impaired professional reputations, diminished professional opportunities, reduced exhibitions, emotional and financial distress, mental anguish as a result of the Defendant's inaction of protecting her and action of terminating her.

## FOR A FIRST CAUSE OF ACTION
**(Gender Discrimination and Retaliation in Violation of Title VII)**

33.    Plaintiff realleges the foregoing where not inconsistent herewith.

34.    Plaintiff, a female, is a member of a sex-based protected class.

35.    Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee and retaliating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e–3(a).

36.    During her employment with Defendant UofSC, Plaintiff was subjected to unwelcome sexual harassment based on her sex from third parties who made allegations, engaged in protests and/or otherwise advanced claims that Plaintiff was unqualified in her professional assignments and exchanged sexual favors for career advancement.

37.    Defendant UofSC knew or should have known of the harassment because of sex and took no effective remedial action.

38.    Such unwanted conduct created an intimidating and hostile work environment and was subjectively viewed by Plaintiff to be abusive.

39.    The conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere.

40.    Such harassment affected tangible aspects of Plaintiff's compensation, terms, conditions, and privileges of employment.

41.    Moreover, Defendant UofSC treated Plaintiff disparately with respect to the terms and conditions of her employment in comparison to similarly situated male employees.

6

42.     Specifically, no male employee was subjected to student protest, false allegation and termination based on student and staff allegations.

43.     Plaintiff engaged in a protected activity by making numerous complaints to Defendant UofSC about Defendant staff and students and the public's inappropriate behavior and harassment.

44.     As a result of Plaintiff's complaints, Defendant UofSC's agents/employees refused to investigate or take action regarding Plaintiff's complaints, blamed Plaintiff for the harassment, and ended Plaintiff's employment with Defendant.

45.     Defendant UofSC is liable to Plaintiff for its willful and wrongful retaliation against Plaintiff for the protected actions she took against unfair, egregious, and justifiably perceived harassment because of sex.

46.     As a direct and proximate result of the Defendant UofSC's actions, Plaintiff has suffered, and Defendant UofSC is liable to Plaintiff for back pay, front pay, loss of benefits, prospective benefits, pain and suffering, emotional distress, and reputational harm; as well as the reasonable attorney's fees and costs associated with this action. Plaintiff also seeks pre-judgment interest on all damages sought.

47.     The discrimination and retaliation because of sex and disparate treatment described above amounts to unlawful gender discrimination prohibited by Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and amendments thereto, and is the proximate cause of the Plaintiff's loss of earnings, loss of prospective earnings and benefits, embarrassment, humiliation, mental anguish, and mental suffering, for which the Plaintiff is entitled to an award of actual damages, as well as punitive damages for the willful intentional acts of the Defendant through its agents and employees, as determined by a jury, and for reasonable attorney's fees and costs of this action.

## FOR A SECOND CAUSE OF ACTION
### (Gender Discrimination and Retaliation in Violation of Title IX)

48.  Plaintiff realleges the foregoing where not inconsistent herewith.

49.  Defendant UofSC is an educational institution that receives federal funds, and as such, is subject to Title IX.

50.  Plaintiff, a female, is a member of a sex-based protected class.

51.  Plaintiff was subjected to unwelcome harassment based on her sex on Defendants campus by third parties of Defendant during her employment with Defendant UofSC.

52.  Such harassment affected tangible aspects of Plaintiff's compensation, terms, conditions, and privileges of employment.

53.  Appropriate persons, including Defendant UofSC and its officials, had actual knowledge of the harassment and took no effective remedial action.

54.  Such unwanted conduct because of sex created an intimidating and hostile work environment and was subjectively viewed by Plaintiff to be abusive.

55.  Defendant UofSC created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) (Title IX).

56.  Defendant UofSC and its officials had actual knowledge of the harassment of Plaintiff created by its failure to investigate and discipline Plaintiff's harassers in a timely manner and consistent with its own policy and federal and state law.

57.  Defendant UofSC's failure to promptly and appropriately respond to the alleged harassment, resulted in Plaintiff, on the basis of her sex, being subjected to discrimination, and being discharged from her position with the University, in violation of Title IX.

58.    Defendant UofSC failed to take immediate, effective remedial steps to resolve the complaints of harassment and instead acted with deliberate indifference toward Plaintiff.

59.    Defendant UofSC persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff.

60.    Defendants practice of failing to protect female employees from harassment constitutes disparate treatment of females and had a disparate impact on female employees.

61.    Defendant UofSC faculty and staff harassed Plaintiff for reporting her harassment to the school and made conscious efforts to interfere with her reporting.

62.    Plaintiff reported this harassment to UofSC officials, who declined to intervene to stop it. This ultimately resulted in Plaintiff's discharge from her employment.

63.    The actions taken against the Plaintiff and the actions which have resulted in her disparate treatment and damages are the result of the planned and concerted effort to retaliate against the Plaintiff for the protected activity of filing EEO complaints for harassment and discrimination.

64.    As a direct and proximate result of the Defendant UofSC's actions of failing to protect Plaintiff and then terminating Plaintiff after making complaints, Plaintiff has suffered and Defendant UofSC is liable to Plaintiff for back pay, front pay, loss of benefits, prospective benefits, pain and suffering, emotional distress, and reputational harm; as well as the reasonable attorney's fees and costs associated with this action. Plaintiff also seeks pre-judgment interest on all damages sought.

65.    Defendants are liable to the Plaintiff for the willful, wrongful and bad faith retaliation against the Plaintiff for protected actions she took opposing unfair and egregious harassment. Plaintiff is entitled to an award of actual damages as well as reasonable attorney's fees and for the cost of this action.

## FOR A THIRD CAUSE OF ACTION
**(Breach of Contract)**

66.     Plaintiff realleges the foregoing where not inconsistent herewith.

67.     Plaintiff was employed pursuant to a Policies and Procedures Manual.

68.     Relevant policies from the Policies and Procedures Manual do not contain a conspicuous disclaimer as required by S.C. Code Ann. § 41-1-110.

69.     Plaintiff viewed the non-disclaimed University policies as contractual in nature and she conformed to its requirements just as she reasonably expected Defendant to do the same.

70.     The policies contained mandatory contractual language that was breached with respect to Plaintiff's employment and termination.

71.     The following breaches of Defendant's policies have occurred for which Defendant is liable:

      a.     Defendant UofSC allowed Defendant students and staff to harass Plaintiff in violation of Policy Number EOP 1.02. This policy states, "the University of South Carolina prohibits sexual harassment and does not condone or tolerate sexual harassment among all members of the university community," and "members of the university community shall not engage in sexual harassment of other members of the university community."

      b.     Defendant UofSC allowed Defendant students and staff to harass Plaintiff in violation of Policy Number EOP 1.03. This policy states, "The University of South Carolina prohibits unlawful discrimination and harassment."

72.     This contract was breached by Defendant UofSC when it failed to take appropriate cation in response to Plaintiff's complaints of harassment and bullying. This contract was further

breached when Defendant UofSC forced Plaintiff out of her position in retaliation for Plaintiff's complaints and in response to third party discrimination and harassment based on false allegations against Plaintiff.

73.     The same amounts to an unlawful breach of contract for which the Defendant UofSC is liable.

74.     Plaintiff has suffered damages arising from the above-reference breach of contract which include lost wages, diminished earning capacity, lost benefits, and the costs and fees of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alexandra Stasko, prays for judgment against Defendants, jointly and severally, in amounts equal to the sum of her actual damages, including embarrassment and suffering, as well as punitive damages, in amounts to be determined by a jury, together with an award of reasonable attorney's fees and costs of this action, and for any such other and further relief as this Honorable Court deems just and proper.

WUKELA LAW FIRM

By:     s/ Pheobe A. Clark
        **Pheobe A. Clark**, Federal ID No.  9888
        Post Office Box 13057
        Florence, SC   29504-3057
        Phone: (843) 669-5634
August 20, 2024           Fax:  (843) 669-5150

Florence, SC

11